Yan v. Holder

BIA
Schoppert, IJ
A089 250 390

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER
FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF
APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER
IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN
ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER
MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals
for the Second Circuit, held at the Daniel Patrick Moynihan
United States Courthouse, 500 Pearl Street, in the City of
New York, on the 8ᵗʰ day of May, two thousand twelve.

PRESENT:
> ROBERT D. SACK,
> RICHARD C. WESLEY,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

FAGUI YAN,
> *Petitioner,*

> v.

ERIC H. HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

11-217-ag
NAC

_____

FOR PETITIONER:             Steven K. Frankel, New York, New
                            York.

FOR RESPONDENT:             Tony West, Assistant Attorney
                            General; Susan K. Houser, Senior
                            Litigation Counsel, John J.W.
                            Inkeles, Trial Attorney, Office of
                            Immigration Litigation, United
                            States Department of Justice,
                            Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DISMISSED in part, and DENIED in part.

Petitioner Fagui Yan, a native and citizen of China, seeks review of a December 21, 2010 decision of the BIA affirming the February 25, 2009 decision of Immigration Judge ("IJ") Douglas B. Schoppert, finding Yan's application for asylum to be untimely and denying his requests for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Fagui Yan*, No. A089 250 390 (B.I.A. Dec. 21, 2010), *aff'g*, No. A089 250 390 (Immig. Ct. N.Y. City Feb. 25, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We have reviewed the IJ's decision as supplemented by the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the

agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding that there were neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). While we retain jurisdiction under 8 U.S.C. § 1252(a)(2)(D) to review constitutional claims and questions of law, Yan has challenged only the agency's factual determination that he failed to demonstrate changed or extraordinary circumstances relating to his eligibility for asylum. Accordingly, we lack jurisdiction to review the denial of asylum. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329-31 (2d Cir. 2006) (holding that "we remain deprived of jurisdiction to review decisions under the INA when the petition for review essentially disputes the correctness of an IJ's fact-finding . . . and raises neither a constitutional claim nor a question of law").

As to the denial of withholding of removal, substantial evidence supports the agency's adverse credibility determination. The IJ reasonably found that several aspects of Yan's testimony were implausible. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (holding that we "defer . . . to an IJ's credibility determination unless,

from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling"); *Wensheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2007) (*per curiam*) (holding that we will not disturb an IJ's implausibility finding where it is "tethered to record evidence, and there is nothing else in the record from which a firm conviction of error could properly be derived"). There is no merit to Yan's contention that the adverse credibility determination was unsupported because the Government failed to discredit his claims, as he bore the burden of proving his entitlement to relief. *See* 8 U.S.C. § 1231(b)(3)(C); 8 U.S.C. § 1158(b)(1)(B). Because the agency found that Yan's testimony that he had been persecuted due to his religious activities in China was not credible, its adverse credibility determination foreclosed any argument that Yan could benefit from a presumption of a future threat of persecution based on past persecution. 8 C.F.R. § 1208.16(b)(1).

Further, the agency reasonably found that he had failed to demonstrate that his religious and political activities in the United States would likely result in future persecution in China. Although the IJ found that Yan had

4

testified credibly about his involvement in his church and the pro-democracy movement in the United States, to meet his burden of establishing a well-founded fear of persecution, Yan was required to "make some showing that authorities in [China] are either aware of his activities or likely to become aware of his activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) (*per curiam*). To show that the authorities were aware of his activities, Yan submitted a letter from his wife stating that the police had questioned her about Yan's religious beliefs and warned her that he should end his political involvement. However, the IJ determined that this letter was entitled to little weight, a finding Yan has not challenged on appeal; we accordingly decline to disturb the IJ's finding. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (providing that issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal).

Yan presented no other evidence that his activities in this country would likely subject him to persecution in China. In light of the absence of evidence that Chinese authorities had become aware of Yan's activities, would

5

become aware of his activities, or would subject him to persecution as a result of these activities, substantial evidence supports the agency's denial of withholding of removal.

For these same reasons, Yan has also failed to demonstrate that he is likely to be tortured if removed to China and is therefore ineligible for relief under the CAT. *See Kone v. Holder*, 596 F.3d 141, 147 (2d Cir. 2010).

Accordingly, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6